1  Gregory B. Collins (#023158)
2  Daniel P. Crane (#030623)
   KERCSMAR & FELTUS PLLC
3  7150 E. Camelback Road, Suite 285
   Scottsdale, Arizona 85251
4  Telephone: (480) 421-1001
   Facsimile:  (480) 421-1002
5  gbc@kflawaz.com
6  dpc@kflawaz.com

7  *Attorneys for Plaintiffs*

8

9                    UNITED STATES DISTRICT COURT

10                   FOR THE DISTRICT OF ARIZONA

11

12 | Collision  Chiropractors,  LLC,  an |
   | Arizona Limited Liability Company; and |
13 | Dr.    Michael    Papamatheakis,    an |
   | individual; | **COMPLAINT** |
14 |  |  |
   |         Plaintiffs, |  |
15 | v. |  |
16 | Collision Injury Chiropractic, PLLC, an | **(JURY TRIAL DEMANDED)** |
17 | Arizona  Professional  Limited  Liability |
   | Company; and Dr. John Quackenbush, |
18 | an individual, |
19 |          c |
   |        Defendants. |

20        For  its  Complaint,  Plaintiffs  Collision  Chiropractors,  LLC  ("Collision

21 Chiropractors") and Dr. Mike Papamatheakis ("Dr. Papamatheakis") (collectively,

22 "Plaintiffs") allege as follows:

23                            **NATURE OF CASE**

24        1.      This action arises under the Anti-Cybersquatting Consumer Protection Act,

25 15 U.S.C. § 1125(d) and Arizona common law. Defendants Collision Injury Chiropractic,

26 PLLC ("CIC") and Dr. John Quackenbush ("Dr. Quackenbush") (collectively,

27 "Defendants") have registered at least one domain name that misappropriates Plaintiffs'

28 registered trade name, and valid trademark, COLLISION CHIROPRACTORS. After

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona  85251
(480) 421-1001

Keresmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

registering their collisioninjurychiropractic.com domain, which is confusing similar to Plaintiffs' Collision Chiropractic name, in bad-faith, defendants began operating their collisioninjurychiropractic.com domain as an aggregation site. Defendants profit by selling listings on the aggregation site to chiropractors that are looking to actively compete with Plaintiffs, by trading off Plaintiffs' well-known COLLISION CHIROPRACTORS name. As further evidence of their bad-faith use of the COLLISION CHIROPRACTORS mark, despite acknowledging that their use of the Plaintiff's name cause consumer confusion, Defendants have also made an extortionistic demand to provide the use of the collisioninjurychiropractic.com domain name to Plaintiffs while continuing to use the infringing domain name and infringing mark to profit on Plaintiffs' valid mark.

2.      By using Plaintiffs' trademark and trade name, Defendants are also palming off their services (and the services of their customers) as Plaintiffs, in direct violation of Arizona's unfair competition law.

3.      Defendants have also caused and will likely continue to cause confusion concerning whether Plaintiffs are the source or sponsor of Defendants' products or services (and the products and services listed on Defendants' aggregation website).

4.      Accordingly, Plaintiffs seek damages and preliminary and permanent injunctive relief under 15 U.S.C. § 1125(d) in relation to Defendants' domain name (the "Infringing Domain Name"):

<collisioninjurychiropractic.com>

5.      Plaintiffs also seek damages and permanent injunctive relief under the state common law on trademark infringement and unfair competition.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §§ 1338(b), and 1367(a).

7.     This Court has personal jurisdiction over Defendants under the Arizona long-arm statute, Ariz. R. Civ. P. 4.2(a), and the assertion of jurisdiction here is in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

8.     This Court has personal jurisdiction over Defendants because Defendants have committed acts and/or contributed to and/or induced acts of trademark infringement and unfair competition in the District of Arizona. Defendants have purposefully availed themselves of the privilege of doing business in Arizona, have purposefully directed advertising at and promoted products and services in Arizona, and have purposefully conducted business and directed infringing activities at Arizona, knowing Plaintiffs would be harmed by the infringement in Arizona. The effects of those acts have been felt in this district.

9.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2), 1391(c), and 15 U.S.C. § 1125(d). GoDaddy.com is the registrar of the Infringing Domain Name.GoDaddy.com's Terms of Service state, "You agree to submit, without prejudice to other potentially applicable jurisdictions, to the jurisdiction of the courts (1) of your domicile, (2) where registrar is located or (3) where the registry operator is located (e.g., China for .CN, Columbia for .CO, UK for .EU, etc.)." (GODADDY DOMAIN NAME REGISTRATION               AGREEMENT               found               at <https://www.godaddy.com/agreements/ShowDoc.aspx?pageid=reg_sa>.) GoDaddy.com is located in Arizona.

## PARTIES

10.     Collision Chiropractors, LLC is an Arizona limited liability company organized and existing under the laws of the State of Arizona, with its principal place of business located in Phoenix, Arizona.

11.     Collision Chiropractors does business under the state registered trade name COLLISION CHIROPRACTORS, described above.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

1    12.    Dr. Mike Papamatheakis is a co-founder of Collision Chiropractors, LLC

2    and is a resident of Phoenix, Arizona.

3    13.    Collision Injury Chiropractic, PLLC is an Arizona professional limited

4    liability company with its principal place of business in Anthem, Arizona.[1]

5    14.    Upon information and belief, Dr. John Quackenbush is a resident of

6    Anthem, Arizona and the sole member of Collision Injury Chiropractic, PLLC.

7    15.    Dr. Quackenbush is identified by whois.com as the registrant of the

8    Infringing Domain Name.  Dr. Quackenbush has also admitted he is the registrant of the

9    Infringing Domain Name.

10    **FACTUAL ALLEGATIONS**

11    16.    In February 2017, Dr. Mike Papamatheakis co-founded Collision

12    Chiropractors to provide chiropractic, and other rehabilitative services. Collision

13    Chiropractic specializes in treating injuries caused by severe accidents, and is committed

14    to its clients' health and overall well-being.

15    17.    Since June 2017, Collision Chiropractors has used the trademark, and done

16    business under the trade name, COLLISION CHIROPRACTORS (the "Collision Mark").

17    Collision Chiropractors officially registered its trade name with the State of Arizona in

18    March 2018.

19    18.    In June 2017, Dr. Papamatheakis treated his first patient at Collision

20    Chiropractors. Since then, Collision Chiropractors has treated thousands of patients at

21    twelve locations throughout Arizona, making Collision Chiropractors a well-recognized,

22    and respected chiropractic practice in Arizona.

23    19.    Over the years, Collision Chiropractors has developed a unique specialty in

24    working with patients that have suffered an injury, due to an automobile accident.

25

26    [1] Though Collision Injury Chiropractic, PLLC was formed on August 19, 2020, upon
information and belief, Dr. Quackenbush operated the infringing website and mark under
another professional limited liability company of the same name for all relevant time

27    periods. The previous company has since been dissolved. Accordingly, Plaintiffs name
only the active Collision Injury Chiropractic, PLLC, of which Dr. Quackenbush is the sole

28    member.

Keresmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Collision Chiropractors works to ensure that its patients get the best possible care, while ensuring that its patients' attorneys efficiently receive necessary documentation to streamline any pending litigation.

20.    Collision Chiropractors maintains a strong online presence with the domain name https://collisionchiro.com/. Collision Chiropractors uses a shortened version of its trademark in its domain name to make it easy for customers to find its website and identify that the website is owned by Collision Chiropractors.

21.    Collision Chiropractors' website features its trademark and registered trade name, and Collision Chiropractors has featured and continues to feature its trademark and trade name in sales, advertising, promotions, and sponsorships related to chiropractic and rehabilitative services.

22.    As a result of Collision Chiropractors extensive use of its trademark and trade name, Collision Chiropractors is recognized for its services throughout Arizona, and enjoys a valuable reputation and significant goodwill by virtue of its trademark and trade name.

23.    In addition, because of Collision Chiropractors' extensive and continuous use of its trademark and trade name, Collision Chiropractors owns common law trademark rights in the Collision Mark for the services provided by Collision Chiropractors.

24.    After seeing the success of Plaintiffs' business and online presence, Defendants began commercially using the COLLISION INJURY CHIROPRACTIC name (the "Infringing Mark") through their ownership and operation of a commercial website at the domain https://collisioninjurychiropractic.com/. Notably, Defendants also maintain a commercial Facebook page at the domain facebook.com/Collision-Injury-Chiropractic-Scottsdale-165435614020763/ which uses the Infringing Mark.

25.    Upon information and belief, Defendants did not commercially use the Infringing Mark or Infringing Domain Name earlier than June 2017. Defendants only

began using the Infringing Domain Name and Infringing Mark in commerce after learning of Plaintiffs' business.

26.     Defendants' Infringing Mark used throughout their website is confusingly similar to Plaintiffs' Collision Mark. Indeed, Defendants have already admitted that the marks are confusingly similar.

27.     Worse, Defendants' use of the Infringing Mark has caused, and is likely to continue causing confusion in the marketplace because the parties operate in the same competitive space.

28.     As mentioned above, Collision Chiropractors offers chiropractic and rehabilitative services in various locations throughout Arizona, specializing in assisting patients who are also engaged in personal injury litigation.

29.     According to the Infringing Domain Name website, Defendants operate and are involved in "a consortium of… Chiropractors, who refer to Medical Doctors and Personal injury Attorneys to manage motor vehicle traumatic injuries and legally represent you the accident victims." Thus, Defendants share consumers and prospective consumers with Plaintiffs, and the parties' respective services are likely to be perceived as emanating from a single source, causing confusion in the marketplace.

30.     Notably, Defendants do not actually provide any chiropractic services. Rather, Defendants operate a website that aggregates various, unassociated chiropractors to provide clients to those chiropractors. In effect, Defendants' "business" is simply a referral generator for chiropractors and the "consortium of Chiropractors" is nothing more than a group of unrelated chiropractors paying Defendants to send them patients.

31.     Through their website, Defendants seek to lure in consumers and direct them to chiropractors paying for Defendants' service.

32.     Knowing that Plaintiffs' business is well-established in Arizona, Defendants use the Infringing Domain Name and Infringing Mark to pass off their website and the services provided by the chiropractors listed on their website as Plaintiffs' business.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

33.     In fact, Dr. Papamatheakis has already observed confusion in the marketplace. Numerous attorneys with patient referrals have contacted Dr. Papamatheakis asking whether they should direct those patients to office locations listed on the Defendants' website.

34.     Additionally, a number of prospective clients looking for Plaintiffs' business online have inadvertently gone to Defendants' website, thinking that it was the same business as Plaintiffs.

35.     As it turns out, this was by design. Defendants' began using the Infringing Mark and Infringing Domain Name to benefit from Plaintiffs' trademark and strong online presence, and divert customers from Plaintiffs' website to Defendants' website.

36.     By using the Infringing Domain Name and Infringing Mark to mislead consumers into thinking that the services offered on Defendants' website are Plaintiffs, Defendants have profited off of Plaintiffs' trademark, trade name, business reputation, and goodwill.

37.     Moreover, because Defendants operate their website as an aggregation website, through the use of Defendants' website, numerous chiropractors have also profited off of Plaintiffs' trademark, trade name, business reputation, and goodwill.

38.     Defendants' use of the Infringing Mark and the Infringing Domain Name violates Plaintiffs' strong, preexisting trademark and trade name rights embodied in the Collision Mark.

39.     Plaintiffs have brought the Defendants' cybersquatting, infringement, and unfair competition to Defendants' attention on several occasion.

40.     On February 19, 2020 Dr. Papamatheakis met with Defendant Dr. Quackenbush at a local restaurant for lunch. During that conversation, Dr. Quakenbush admitted that Plaintiffs' customers and potential customers were being routed to Defendants' Infringing website. As Dr. Quackenbush stated, "He completely understood where the confusion was coming from."

Keresmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

41.     During the February 19, 2020 lunch meeting, instead of agreeing to cease his tortious conduct, Dr. Quakenbush sought to extort Plaintiffs. Dr. Quakenbush proposed that Plaintiffs pay Defendants $700 per week in return for their "services" while allowing Defendants to continue operating the Infringing Domain Name website and using the Infringing Mark.

42.     When Plaintiffs refused to pay Dr. Quakenbush's extortionistic demand for the Infringing website, Dr. Quakenbush agreed to take-down the content on the Infringing website and transfer the domain name to Plaintiffs. The parties communicated about the transfer via text messages in the weeks following the February 19, 2020 meeting.

43.     Dr. Quakenbush though backtracked on his agreement to transfer the Infringing website.

44.     On August 19, 2020, with Plaintiffs continuing to demand that Dr. Quakenbush transfer the Infringing Website, Dr. Quenkenbush responded to Plaintiffs' demand through counsel, Charles Runyon with Runyon Law. Mr. Runyon's August 19, 2020 letter asserted that Dr. Quakenbush used the Collision Injury CHIROPRACTORS mark

45.     With Defendants seeking to extort Plaintiffs, offering Plaintiffs the use of their own mark for a price, Plaintiffs retained counsel. On August 28, 2020, Plaintiffs, through counsel, demanded that Defendants cease their use of the Infringing Domain Name and cease infringement of Plaintiffs' COLLISION INJURY CHIROPRACTIC mark prior to Plaintiffs use of the COLLISION CHIROPRACTORS mark.

46.     With Defendants now having retained counsel and falsely asserting that they had prior use of the mark, Plaintiffs responded to Defendants' letter though counsel and demanded evidence that Defendants' use was prior to June 2017.  Defendants failed to provide any such evidence.

47.     And, in a phone call on September 21, 2020 between counsel, Defendants refused to cease their tortious conduct. Through counsel, Defendants again indicated that

Keresmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

1
2
they are open to selling a listing on their aggregation website, which (again) infringes upon the Plaintiffs' COLLISION CHIROPRACTORS mark, to Plaintiffs.

3
4
5
6
48.     Defendants audacious attempts to continue profiting off of Plaintiff's valid trademark and trade name constitutes bad faith. Defendants bad faith is also demonstrated by their intentional and ongoing efforts to divert consumers, by creating confusion in the marketplace, from Plaintiffs' website to Defendants' website for commercial gain.

7
8
9
10
49.     Defendants have generated profits and other financial gain through their use of the Infringing Domain Name and Infringing Mark. Defendants have refused to transfer the Infringing Domain Name to Plaintiffs and have refused to cease their infringing activities.

11
12
13
50.     Accordingly, Plaintiffs are entitled to injunctive relief under the Anti-Cybersquatting Consumer Protection Act, as well damages resulting from Defendants' common law trademark and unfair competition.

14
## COUNT I

15
### (Cybersquatting Under 15 U.S.C. § 1125(d))

16
17
51.     Plaintiffs incorporate by reference the allegations contained in the proceeding paragraphs as if fully set forth herein.

18
19
20
52.     Defendants, as the users, licensees and/or registrants of the Infringing Domain Name, have trafficked in, and/or used domain names that are confusingly similar to Plaintiffs' Collision Mark and trade name.

21
53.     Defendants have a bad faith intent to profit from Plaintiffs' Collision Mark.

22
23
54.     The Infringing Domain Name violates Plaintiffs' Collision Mark which is protected under 15 U.S.C. § 1125(a) or (c).

24
25
26
55.     As a direct and proximate result of such conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its name, business, reputation, and goodwill.

27
28

56.     Plaintiffs are entitled to a court order for the transfer of the Infringing Domain Name. At most, Defendants are entitled to recover their registration and maintenance fees for the Infringing Domain Name.

## COUNT II

### (Common Law Trademark Infringement)

57.     Plaintiffs incorporate by reference the allegations contained in the proceeding paragraphs as if fully set forth herein.

58.     Plaintiffs are the owners of the Collision Mark.

59.     Plaintiffs have used the Collision Mark in commerce since at least June 2017.

60.     Plaintiffs' Collision Mark is a valid and subsisting trademark in full force and effect.

61.     Defendants' actions constitute trademark infringement under Arizona common law in that Defendants' mark is deceptively similar to Plaintiffs' trademark/trade name, and Defendants' use of their mark is creating or increasing the likelihood of confusion between services provided by Plaintiffs and Defendants to the detriment of Plaintiffs and the public.

62.     Defendants' mark is likely to mislead consumers as to the separate origin of Defendants' mark and Plaintiffs' mark for similar products and services, and is likely to damage Plaintiffs' goodwill and business reputation.

63.     The trademark infringement by Defendants is and has been knowing, intentional, and in bad faith.

64.     Plaintiffs have been, are now, and will be irreparably injured and damaged by such trademark infringement and, unless enjoined by the Court, Plaintiffs will suffer further harm to its name, reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Keresmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## COUNT III

### (Common Law Unfair Competition)

65.    Plaintiffs incorporate by reference the allegations contained in the proceeding paragraphs as if fully set forth herein.

66.    "The common law doctrine of unfair competition is based on principles of equity" and "encompasses several tort theories, such as trademark infringement, false advertising, 'palming off,' and misappropriation." *Fairway Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124 ¶9, 970 P.2d 954, 956 (Ct. App. 1998).

67.    Defendants' actions constitute unfair competition under Arizona common law in that Defendants' domain name and mark is deceptively similar to Plaintiffs' trademark/trade name, and Defendants' use of their domain name and mark is a false representation causing consumers to be confused.

68.    By operating the Infringing Domain Name website, and using the Infringing Mark, Defendants are "palming off" their business as Plaintiffs; Defendants are knowingly and intentionally attempting to cause consumers to believe that Defendants' business is that of Plaintiffs.

69.    Defendants' unfair competition is and has been knowing, intentional, and in bad faith.

70.    As a direct and proximate result of such conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to Plaintiffs' name, business, reputation, and goodwill.

## JURY DEMAND

71.    Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.    A preliminary and permanent injunction requiring the transfer of the following domain names to Plaintiffs:

11

B.   A preliminary and permanent injunction enjoining Defendants as well as any officers, agents, servants, employees, owners and representatives, attorneys, and all persons, firms, or corporations in active concert or participation with Defendants from:  (1) using in any manner the Plaintiffs' mark, or any name, mark, or domain name that wholly incorporates the APS Word Marks or is confusingly similar to or a colorable imitation of the marks; (2) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Plaintiffs' products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers or clients, into believing that there is some connection between Defendants and Plaintiffs; and (3) committing any acts which dilute the distinctive and famous quality of the Plaintiffs' mark;

C.   An award of actual damages to compensate Plaintiffs for their losses, damages to their business reputation, and/or lost sales and profits caused by Defendants' unlawful conduct;

D.   An award in an amount equal to Defendants' profits attributable to their unlawful conduct;

E.   For an award of punitive damages in an amount appropriate to punish Defendants for their intentional and/or reckless disregard for Plaintiffs' rights, and to deter Defendants and others from engaging in similar misconduct in the future;

F.   An award of pre- and post-judgment interest on any ultimate award to the maximum amount permitted by law;

G.   All other relief to which Plaintiffs are entitled under the circumstances.

RESPECTFULLY SUBMITTED this 29th day of September, 2020.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona  85251
(480) 421-1001

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

KERCSMAR & FELTUS PLLC


By: */s/Gregory Collins*
Gregory B. Collins
Daniel P. Crane
7150 E. Camelback Road, Suite 285
Scottsdale, Arizona 85251
*Attorneys for Plaintiffs*